**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Blanco,<br><br>    Petitioner,<br><br>vs.<br><br>Conrad M. Graber, Warden<br><br>    Respondent. | No. CIV-10-400-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On July 1, 2010, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons (BOP) refused to transfer him to a Residential Re-entry Center (RRC) in violation of 18 U.S.C. § 3621(b).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be denied. The BOP's decision to deny Blanco's transfer did not violate 18 U.S.C. § 3621(b).

Background

Blanco was convicted in the U.S. District Court for the Northern District of California of conspiracy to manufacture and distribute, and possession with intent to distribute phencyclidine (PCP) and methamphetamine. (Respondent's answer, Attachment 2.) The trial

court sentenced Blanco to a 300-month term of imprisonment and 10 years of supervised release. *Id.* The BOP projects Blanco will complete his sentence on February 12, 2015, assuming he earns all available good time. *Id.*

On January 22, 2009, Blanco submitted a Request for Administrative Remedy form asking for immediate transfer to an RRC. (Respondent's answer, Exhibit 1, Attachment 3.) On February 3, 2009, the warden, David Duncan, sent Banco a response informing him that his request would be addressed at his next scheduled Program Review. *Id.* On May 31, 2009, Blanco submitted another Request for Administrative Remedy form again asking for transfer to an RRC. *Id.* On June 16, 2009, the warden, David Duncan, explained that the five factors were considered and a transfer was not warranted. *Id.* Blanco appealed, and on July 28, 2009, the Regional Director, Robert McFadden denied his appeal explaining that his requested transfer was denied in part because of the nature and circumstances of his offense. *Id.* Blanco appealed again, and on November 2, 2009, the National Administrator of Inmate Appeals, Harrell Watts, denied his appeal explaining that his current placement was appropriate. *Id.*

On July 1, 2010, Blanco filed a petition in this court for writ of habeas corpus pursuant to 28 U.S.C. §2241. He claims he asked for a transfer to an RRC, but his request was denied without the proper five factor analysis mandated by 18 U.S.C. § 3621(b). *Id.*

On August 16, 2010, the court screened the petition, ordered service, and instructed the respondent to file an answer.

On August 23, 2010, the respondent filed an answer arguing the petition should be denied on the merits. Blanco did not file a reply.

Discussion

Persons convicted in the federal criminal justice system and sentenced to a term of imprisonment are committed to the custody of the BOP. 18 U.S.C. § 3621(a). Once committed, the BOP must "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP may designate any facility the Bureau considers "appropriate and suitable" after considering five factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C.A. § 3621(b).

Inmates may be placed in an RRC at any time during their term of incarceration. *Rodriguez v. Smith*, 541 F.3d 1180, 1183 (9th Cir. 2008). If an inmate makes a request for transfer to an RRC, the BOP must consider the request in light of the five statutory factors. *Id*.

A second avenue for transfer is provided by the Second Chance Act. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). This act provides that the BOP

    shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C.A. § 3624(c)(1). Under the Second Chance Act, prisoners are automatically reviewed for RRC placement "17-19 months before their projected release dates." *Miller*, 527 F.3d at 756.

In his petition, Blanco claims he requested a transfer to an RRC in the San Francisco/ Oakland Bay area because his mother lives there and her poor health prevents her from visiting him in his present location. He argues the BOP denied his transfer without considering the five statutory factors. He is incorrect. On June 16, 2009, the warden, David Duncan, denied Blanco's request for transfer in a written response that explicitly stated that the five factors were considered and a transfer was not warranted. There is no evidence that the denial was made without resorting to the five statutory factors. *See Miller v. Whitehead*, 527 F.3d 752, 758 (8th Cir. 2008) ("Although the warden's responses were brief, the statute does not require the BOP

1 to provide prisoners with a detailed statutory analysis whenever a prisoner requests an
2 immediate transfer to an RRC.").

3 Blanco seems to be arguing that his case for transfer is so compelling that the denial itself
4 is evidence that the five factors were not considered. The court does not agree. There is ample
5 evidence in the record to support the BOP's decision denying transfer.

6 In his order denying Blanco's appeal, the Regional Director, Robert McFadden,
7 explained that the requested transfer was denied in part because of the nature and circumstances
8 of his offense. (Respondent's answer, Exhibit 1, Attachment 3.) McFadden noted that Blanco
9 was serving a 300-month sentence for possession and conspiracy to possess PCP and
10 methamphetamine. *Id*. The conspiracy involved "the possession and distribution of
11 approximately 77.58 kilograms of pure phencyclidine (PCP) and approximately 13 kilograms
12 of pure methamphetamine" which is a substantial amount. *Id*. In addition, McFadden noted
13 that Blanco was "considered the organizer and leader of an extensive criminal activity which
14 included the kidnaping of a victim at gunpoint." *Id*.

15 While it is true that Blanco is currently considered a "low security" inmate, the
16 circumstances surrounding his offense of conviction are more than sufficient to support the
17 BOP's decision to deny transfer. *Id*; *See also Superintendent v. Hill*, 472 U.S. 445, 454, 105
18 S.Ct. 2768, 2773 (1985) (A decision that affects a prisoner's protected liberty interest must be
19 supported by "some evidence" in the record.). The BOP's denial is not so lacking in support
20 as to cause the court to disbelieve the warden's express avowal that the five statutory factors
21 were considered in this case.

22 Blanco further argues that the response of the National Inmate Appeals Administrator,
23 Harrell Watts, indicates his request was denied after improperly applying the Second Chance
24 Act rather than the five statutory factors. Blanco, however, misinterprets Watt's response.

25 In his response to Blanco's appeal, Watt explained that Blanco's request for transfer was
26 properly denied by the warden and affirmed on appeal to the regional director. (Respondent's
27 answer, Exhibit 1, Attachment 3.) He further stated that Blanco was not eligible for transfer
28 under the Second Chance Act because placement pursuant to the Act is ordinarily considered

when the inmate is 17 to 19 months before his projected release date. *Id*. Blanco is still some four years from his projected release date. Watt's reference to the Second Chance Act was simply an alternative reason why Blanco's request for transfer should be denied. It was not an admission that the five statutory factors were not considered by the warden and the regional director in his case.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 3rd day of December, 2010.

_____
Glenda E. Edmonds
United States Magistrate Judge