WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| James Blanco,<br>        Petitioner,<br>v.<br>Conrad M. Graber, Warden,<br>        Respondent. | CV 10-400 TUC DCB<br>**O R D E R** |

      This matter was referred to Magistrate Judge Glenda E. Edmonds, pursuant to the Rules of Practice for the United States District Court, District of Arizona (LR Civ.), Rule 72.1(a), she issued a Report and Recommendation (R&R) on December 3, 2010.  (Doc. 12: R&R.)  She recommends denying the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, which challenges the refusal by the Bureau of Prisons (BOP) to transfer him to a Residential Re-entry Center (RCC).

## STANDARD OF REVIEW

      The duties of the district court, when reviewing a Report and Recommendation of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not need to review the

1 Report and Recommendation *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th
2 Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

3       The parties were sent copies of the R&R and instructed they had 14 days to file written
4 objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting
5 to the recommended disposition has fourteen (14) days to file specific, written objections). To
6 date, no objections have been filed.

### REPORT AND RECOMMMENDATION

8       The R&R advises the Court to find there is no evidence to support Petitioner's claim that
9 the BOP failed to consider the five statutory factors for assessing a request for placement in a
10 RCC. The five factors are as follows: 1) the resources of the facility contemplated; 2) the nature
11 and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any
12 statement by the court at the time of sentencing, and 5) any pertinent policy statement issued by
13 the Sentencing Commission. (R&R at 2-3) (citing *Rodriguez v. Smith*, 541 F.3d 1180, 1183 (9th
14 Cir. 2008); 18 U.S.C. § 3621(b)).

15       Warden Duncan denied the transfer on June 16, 2009, and expressly stated that the five
16 factors were considered. The Regional Director affirmed Warden Duncan's denial, noting that
17 the Petitioner stands convicted of a very serious offense, conspiracy to manufacture and
18 distribute and possess approximately 77.58 kilograms of pure phencyclidine (PCP) and
19 approximately 13 kilograms of methamphetamine. He was found to be a leader and organizer
20 of an extensive criminal activity, which included the kidnaping of a victim at gunpoint. He was
21 sentenced to a 300-month term of prison. Neither Warden Duncan's emphasis on the offense
22 nor the indication by the National Inmate Appeals Administrator, Harrell Watts, that the transfer
23 was also properly denied under the Second Chance Act serves to dispute the Warden's express
24 avowal that the five statutory factors were considered. The Magistrate Judge found that the
25 BOP's decision was sufficiently supported by some evidence in the record. (R&R at 2-4) (citing
26 *Miller v. Whitehead,* 527 F.3d 752, 758 (8th Cir. 2008) (warden's responses were brief, but
27 statute does not require detailed analysis); *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)
28 (decisions affecting prisoner's liberty interest must be supported by some evidence).

1  Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court denies the Petition for Writ of Habeas Corpus.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 12] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall dismiss the Petition for Writ of Habeas Corpus [Doc. 1], with prejudice.

DATED this 7th day of March, 2011.

David C. Bury
United States District Judge